UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Inland Paperboard and Packaging, Inc.

Plaintiffs,

v.

GFI America, Inc. and Federal Beef Processors, Inc.,

Defendants.

Civ. No. 02-59 (RLE)

**PRETRIAL ORDER**

At Duluth, in the District of Minnesota, this 13th day of February, 2003

* * *

Pursuant to Pretrial Conference convened on January 21, 2003, and in accordance with provisions of Rule 16, Federal Rules of Civil Procedure, to administer the course of this litigation in a manner which promotes the interests of justice, economy and judicial efficiency, it is -

ORDERED:

I.

That all pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before January 28, 2003. The period during which the parties may conduct discovery shall terminate on May 1, 2003. Disputes with regard to pre-discovery disclosures or discovery shall be called immediately to the Court's attention in accordance with Rule 8 of the Rules of Procedure for Expedited



FEB 13 2003

(13)

Trials, and shall not be relied upon by any party as a justification for not adhering to this Pretrial Schedule. No further or additional discovery shall be permitted after the above date except by leave of the Court for good cause shown, and agreements between counsel which contravene the provisions of this Schedule will not be recognized. However, upon agreement of counsel, or with leave of the Court, depositions in lieu of in-Court testimony may be taken after the close of discovery.

II.

That permission to bring any nondispositive Motions shall be requested in accordance with Rule 8 of the Rules of Procedure for Expedited Trials. All nondispositive Motions shall be filed and served in compliance with Local Rule 7.1(a), as modified by Rule 8 of the Rules of Procedure for Expedited Trials. No discovery Motion shall be heard unless the moving party files with the Motion the statement required by Local Rule 37.1 and complies with the requirements of Local Rule 37.2.

III.

That no more than ten (10) Interrogatories (counted in accordance with Rule 33(a), Federal Rules of Civil Procedure), shall be served on any party. For purposes of this limitation, each defendant company and its principal representative or representatives shall be considered one party.

IV.

That no more than ten (10) Document Requests shall be served on any party.

V.

That no more than twenty (20) Requests for Admission shall be served on any party.

VI.

That no more than five (5) depositions (excluding expert depositions) shall be taken by any party without prior Order of the Court.

VII.

That within the foregoing period allotted for discovery, but no later than the dates set forth below, the parties shall retain and disclose to opposing counsel all persons they intend to call as expert witnesses at trial. Each party's disclosure shall identify each expert and state the subject matter on which the expert is expected to testify. The disclosure shall be accompanied by a written report prepared and signed by the witness. As required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure, the report shall contain:

a. The qualifications of the witness, including a list of all publications authored by the witness within the preceding 10 years;

b. The compensation to be paid for the study and testimony;

c. A listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years;

d. A complete statement of all opinions to be expressed and the basis and reasons therefor;

e. The data or other information considered by the witness in forming the opinions; and

f. Any exhibits to be used as a summary of or support for the opinions.

The Plaintiff's disclosures shall be made on or before April 1, 2003. The Defendant's disclosures shall be made on or before April 15, 2003.

VIII.

That the parties do contemplate taking expert depositions. Pursuant to Rule 7 of the Rules of Procedure for Expedited Trials, no more than one expert may be deposed by any party without prior Order of the Court.

IX.

That each party shall fully supplement all discovery responses according to the Federal Rules of Civil Procedure. Any evidence responsive to a discovery request which has not been disclosed on or before that date, except for good cause shown, shall be excluded from evidence at trial.

X.

That permission to bring any nondispositive Motions shall be requested in accordance with Rule 9 of the Rules of Procedure for Expedited Trials. All dispositive Motions shall be filed and served in compliance with Local Rule 7.1(b), as modified by Rule 9 of the Rules of Procedure for Expedited Trials.

XI.

That this case shall be ready for trial on June 1, 2003, or 30 days after the Court renders its Order on any dispositive Motion (whichever is later), at which time the case will be placed on the Court's Jury trial calendar.

BY THE COURT:

Raymond L. Erickson

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE